My name is Nicholas Capozzi and I'd like to reserve approximately two minutes rebuttal. May it please the court, I would like to move quickly through the timeline of this case because I think it's important to understand the main issue then I'd like to discuss the three main topics I believe revolve around that issue. As the court is well aware my client Mr. or Dr. Adam Sortini had a bond allowing him to be at liberty but ensuring his presence at sentencing. That's correct your honor. And part of it was a $38,000 cash bond. That is correct your honor. That's what we're arguing about today. Yes it is. That cash bond. Right. And he indeed showed up surrendered himself at sentencing and otherwise complied with the orders of the court. Right he completely complied with all and it's your position that that $38,000 needs to come back at his direction I guess to counsel. Yes your honor. Because he's assigned it or something like that. Right. A couple months after he posted the $38,000 he and his wife posted the cash bond. He assigned the proceeds to his counsel to secure representation throughout the appeal. When did he move for release of the cash bond? Well he surrendered in the beginning of June of 2011 and he moved on the 29th of June to exonerate the bond and have the cash fund returned. Had the district court acted on that motion? Yes it did your honor. When? I believe it was November of 2011 or September of 2011. We had a hearing and the court ordered the return of the IRA to Dr. Sortini's wife which was also part of the bond package that was posted. We're just hearing the cash bond. Right. Did the court order the return of the exoneration of the cash bond? It did not your honor. It followed the argument of the government. They had filed their argument a day before we filed our motion to exonerate the bond. They filed a motion pursuant to 28 USC section 2044 and that statute essentially says upon motion by the for a bail bond can then be applied to a current restitution order. And that raises an important issue. Well doesn't this all hint on the fact that the monies were not released. The court had they were still in the account. So that did it seems very important. It is your honor. It is very important. As I mentioned earlier the he surrendered he was ordered to surrender in the beginning of the month and essentially the funds just sat in the court's weeks. It is our position that pursuant to an assignment that was executed two years prior that the government still to this day hasn't contested the that it was entered in fraudulently or under any bad circumstances. The attorney holding this assignment had walked into the clerk's office and before the motion to exonerate had been acted upon or even filed and said I'd like here's my assignment I'd like to have the money. Would the clerk be obligated to pay the money? It is our position yes your honor he would. Without an order from the court without a motion to exonerate. Well it is our position that at that time they were technically. Can you start with a yes or no? I'm sorry. Can you start with a yes or no to my question? Yes they are entitled to the funds but no they would have to go through a different procedure and that procedure would. The clerk would say I'm sorry you may have a perfectly legal right to these funds but absent an order from his or her honor exonerating the bond and directing me to turn it back over I can't do anything and the clerk would be correct right? Yes your honor and. Do you contend that the government's motion was untimely? I do I do strongly contend. Explain to us how. Well it is our position that at the after the surrender at that point the funds should have gone back to the defendant pursuant to rule 46 of the criminal rules of criminal or the rules of criminal procedure. Even in the absence of a motion to exonerate? No the rule says he's entitled to it that if a motion is made basically it must go back to him unless the unless the government does or executes a 2044 motion which it didn't do for several weeks in this case and again it's our position that when he surrendered. But it did it before your motion didn't it? Yes unfortunately we we filed it a day before we had discussed the matter prior to the motions filing and it just it did the ducks did fall in that in that row your honor you're right but the the real issue in this case is how 20 section 24 2044 operates against rule 46 of the criminal rules of procedure. Rule 46 states that bonds the cash monies must be returned once all conditions have been satisfied. That much is clear. Section 2044 says wait upon motion by the government the bond monies can then be applied to restitution. Now if I read the government's argument briefs correctly they state that 2044 actually becomes operative when the bail is entered or executed in the first place that in essence it's a condition of a normal condition of a release when you get a bail bond. We found an unpublished case which says that in a little different timing situation where there was a motion to exonerate granted and the government filed the similar motion yes and the only reason the funds had not come forward because of a delay in the clerk's office in that instance in the unpublished case the court said that the motion was untimely. Doesn't that suggest that the motion in this case was in fact timely? No I do not believe it does your honor because it is our position that the the motion itself does not necessarily have to come post surrender date. There's many other opportunities where the issue can be discussed. Following the government's argument there's no reason why it could not been in the papers for conditions of release. It cannot have been brought up at sentencing when restitution was ordered or any the long long time frame we had before that the date of surrender the government could have and complied with 2044 while at the same time respecting rule 46 could have filed a motion state asking the court that upon surrender that the funds immediately then get executed. But there's no time limit I mean in the in the statute or is there for the government to pursue that motion? No there isn't and that's part of the reason why we have an issue today. If you could stay right in front of that microphone your argument is being recorded for posterity. We want to make sure we get every bit of it. Okay no this to answer your honor's question there is no time limit time limit in the statute and that's why I think we can we must consider the policy reasons that are implicated here. You have a case that discusses this is interesting the interplay between rule 46 and 2099? 2044. To be perfectly frank there is very very little authority out there that would directly go to the heart of this issue. Now the cases that are out there the court I believe was referencing the Bailey case from this circuit do say basically those cases evolve around third parties posting the bail bonds and whether they are entitled when the government files this 2044 motion and it's pretty clear the case authority says yes. Bailey doesn't really help you because at least I don't think it does because in Bailey they saw that there was a third party assignment and the government was seeking to restitution based on what had happened there and the judge said okay here's the pot of money and this is going to restitution and yes okay I guess you get the rest third party aside. I do think I how does that help you? Well I think the the rational the policy reasons behind Bailey evidences the policy of this circuit and the other circuits around the country in that the government isn't entitled to everything they say they're entitled to you have to. That's exactly the point that doesn't the trial judge get to decide? Well the trial judge and I see that I'm running out of time I might not have any time left for rebuttal but that's fine. The trial judge does decide it but must decide it according to. You're okay. The by the rules and statutes and it is our position that the the district court made a correct incorrect analysis of the law in particular stating that the government was first in time in this case because and I'm paraphrasing the district court defendant was on notice at the time of posting the cash bond of the section 2044 and therefore no matter what happens if the government whenever the government makes the motion it was going to go to the government and it is our position that clearly violates the policy behind bail and people wanting to post bail to litigate their cases and we have to ask ourselves what would happen if this was read that strictly well I'm not saying our client but people would be more inclined for flight risk if they know that when they post bail you know I'm never going to get this money back and it could be much larger sums in this amount that certainly would I'm not saying it would necessarily but it would factor into the flight risk analysis I see that I'm approaching my time and I'll go ahead and give you two minutes for rebuttal but thank you thank you good morning your honor Stan Boone on behalf of the United States of America the district court did not air in this case when it ordered that the rich that the government for purposes of paying the restitution obligation pursuant to a federal statute may it please the court this statute in question here 28 USC to 2044 is clear and unambiguous in its application upon motion of the government in a situation in which the bond monies are of the defendants those monies shall be applied towards the restitution obligation of of the defendant here which is superior the 2044 or the 46 rule of 46 G your honor with regard to that well that issue was raised in the rebuttal argument the interplay between 46 and 2044 the government did not have an opportunity they are not inconsistent they are not inconsistent with each other rule 46 is the procedural mechanism by which the sureties and bonds effectuate the bail reform act in other words it's the procedural context in which we handle issues dealing with bond does the district court have discretion in situations like this in in which context your honor because very context could the district hypothetically yes the district court have said I understand the government's motion it's not untimely but I think rule 46 create G creates a superior interest in the defendant and I'm going to order the clerk to send the money to the defense in that situation in honor the district court would have aired because rule 46 is about exoneration and the defendant the defense wants to confuse exoneration with the ultimate obligation to pay a obligation of the defendant distilled down to its essence your honor 2044 in this factual circumstance with the government filed first and the defendant then moved to exonerate and the funds were still in the on the deposit with that's correct your honor however anything other than what it did that that's correct your honor and I would even argue that had the defendant filed the exoneration motion first in the government subsequent which did not occur in this case the answer would be the same to that because exoneration is different than the distribution of the funds the exonerate the bond is held there for purposes of the defendant's appearance I think that the argument is that the government Bailey was wrong I'm sorry what you think Bailey was wrong Bailey was decided pre 2044 so so the district court with the Court of Appeals did not have 2044 Bailey was 1988 two years prior to the enactment of this particular statute all that a time-honored case it is a time-honored just like Marbury versus Madison your honor it's still good law but in this case Bailey is not it does not have the advantage of looking at 2044 what 2044 did was codify aspects in which district courts had exercised discretion clearly in a in a pre 2044 circumstance the district court would have that discretion because what it is doing is that money is being held in custodial ages in other words meaning that the government couldn't attach the government could not file and get its money premature until that purpose of that bond had been served in other words the government it would be premature for the government to move prior to the obligations of the defendant for us to ask for that money back because that money is being held for purposes of assuring the defendant's custody so upon his self-surrender his physical self-surrender on June 2nd of 2011 that's when the government moved to apply the funds associated with the restitution distilled down your honor to its essence this statute is saying that the victims shall be paid first before the bills of the defendant and that's what it's doing that's where the superior right comes into play it's a clear and unambiguous statute it affords for a couple of exceptions one third-party exceptions that's not the issue here there was third-party funds in here they went back to the third party there was a second issue with regard to the defendant and his wife's before us exactly but what I'm saying is there were applications careful applications by the district court in applying the statute here the provision the statutory is a shall it in it evidences Congress intent and your honor I would refer the court to a Supreme Court case United States versus a state of Romani this in your brief no but this was dealing with the rebuttal aspect with regard to interplay between rule 46 and 2044 and it says a specific policy embodied in a later federal statute should control our consideration of earlier federal statutes even though it has not expressly been amended and my point with that situation and that is found at 523 US 517 the Supreme Court at each other and give us the procedural mechanism by which funds held in trust for purposes of the detention then upon the distribution by the clerk of the court upon order the district court shall go to pay the victims first and that's the government's position the other cases cited by the defense deal with cases associated with third-party funds again not present here Rothstein again a pre 2044 case but even the facts of that case note that when there's this interplay between creditor upon creditor in Rothstein it is noted that the victims were paid first and that restitution had been paid in full so the district court was not considering that issue so unless the court has any other questions of the government I'll submit it honor would you send in an electronic just send an email to clerk copy to your opponent just citing the case just that case that the no argument just the citation just citation yes your honor I will I will do that thank you very much I think it's important here to realize that this isn't just a normal 2040 for right in front of the microphone counsel normal 2044 and rule 46 analysis we have a valid assignment that was executed here years before the government made its motion and it is our position that assignment which was never challenged as being invalid beyond the statutes we're talking about became operative the the moment after dr. Sertini surrender surrender himself we that there's an important policy at play with that and that's the freedom of contract of parties and it's in the record and the court considered this that it was the intention of the parties in the understanding of the parties that if the money were to kind of come back to the defendant it would then be returned to the defendant and paid for and given to his attorney to pay for his legal fees the other important point is Bailey it was decided before 2044 but the policies here have been in play for a long time and that's not to frustrate the purpose of bail not to somehow undermine parties abilities to enter into contracts freely so I think Bailey is illustrative here of the rat of the policies behind these rules the government mentioned victims must be there's a policy of victims being paid before defendants bills being paid that's not what happened here again it is our position that it became it was a valid assignment the moment after he surrendered himself so it wasn't defendant getting the money back and you know paying his bills people he oh no via the assignment principles it then transferred to his counsel and with that I had I'll submit if you don't thank you very much I just inquire is that your co-counsel see yes it is your honor and my father both thank you I just need to inquire has anybody ever told you you look a lot like Roy Williams you look a lot like Roy Williams has Roy Williams it's remarkable thank you thank you very much thank you Kent interesting thank you all very much for your presentation the case is submitted
judges: Fletcher, Hawkins, Murguia